[No. 11041. Department One. — May 19, 1888.]

GEORGE G. SMITH, APPELLANT, v. J. H. MOTT, RESPONDENT.

PLEDGE, WHAT AMOUNTS TO AGREEMENT OF. — Where the property of one is pledged without his knowledge or consent to secure the debt of another, and upon being informed of the transaction the owner agrees that if the pledgee will forbear the debt for a time the property may remain in pledge to secure the debt, there is a valid pledge.

ID. — CONSIDERATION — FORBEARANCE — REDELIVERY. — The forbearance is a sufficient consideration for such an agreement, and a redelivery of possession is not necessary.

STATUTE OF FRAUDS. — Such an agreement is not within the statute of frauds.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The facts are stated in the opinion.

*Royce & Cummins,* for Appellant.

The parol promise of the plaintiff to pay the debt of his wife is void. (*Luce* v. *Zeile,* 53 Cal. 54; Code Civ. Proc., sec. 1973.) The wife was not the agent of the husband in making the pledge, therefore there could be no such thing as a ratification by him. (*Ellison* v. *Jackson Water Co.,* 12 Cal. 542.)

*Van Schaick & Jacobs, A. D. Splivalo,* and *F. A. Berlin,* for Respondent.

HAYNE, C.—Replevin for a piano. The plaintiff was the owner of the piano. His wife pledged it without his knowledge or consent to secure a loan to her from the

defendant. When the plaintiff learned of the whereabouts of the piano, he went to the defendant, and after being informed of the position of affairs, made a parol promise to pay the interest and storage within a few days, and the principal in three or four months, if the defendant would wait that time, which the defendant agreed to do and did do. The court below sustained the validity of the pledge, on the theory that there was a ratification.

It is probably not technically correct to speak of a "ratification" where the transaction was by one who neither was nor assumed to be an agent, but who acted on her own account. And it may be conceded that the parol promise of the plaintiff to pay the debt was within the statute of frauds, and void so far as his personal liability to pay was concerned. (See *Crooks* v. *Tully*, 50 Cal. 255.) But we think that what occurred amounted to an agreement between the parties that the property should remain in pledge for the wife's debt. This agreement was collateral to and distinct from the contract to pay, and was not required to bo in writing. (Jones on Pledges, sec. 5; Civ. Code, sec. 2986.) The property being already in possession of the defendant, no redelivery to him was necessary. (Jones on Pledges, sec. 36.) And the agreement for forbearance of the wife's debt was sufficient consideration. (1 Parsons on Contracts, 443.)

We therefore advise that the order denying the motion for new trial be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the order denying the motion for a new trial is affirmed.